# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANNIE L. JONES,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:04-CV-1331-RDP |
| } | |
| **CAPITAL ONE BANK,** } | |
| } | |
| **Defendant and Third Party** } | |
| **Plaintiff,** } | |
| } | |
| v. } | |
| } | |
| **SONYA HICKLAND SCHNURPEL,** } | |
| } | |
| **Third Party Defendant.** } | |

## MEMORANDUM OPINION

Pending before the court is third party plaintiff Capital One Bank's ("Capital One") request for the entry of a final default judgment against third party defendant Sonya Hickland Schnurpel based upon her failure to appear or otherwise respond to the allegations of its third party complaint (Doc. #10) filed on September 28, 2004, and served on Larry Schnurpel, Ms. Schnurpel's husband, on October 1, 2004. (Doc. #13).

In response to Capital One's Motion for Entry of Default (Doc. #32), the clerk entered a default against Ms. Schnurpel on March 9, 2006. (Doc. #33). On March 22, 2006, the court entered an order (Doc. #34) generally granting Capital One's Motion for Default Judgment (Doc. #31) with leave to prove damages.[1] On March 29, 2006, Capital One filed a Motion to File Exhibits Under

---

[1] As pointed out by the Eleventh Circuit in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997), with respect to Rule 55, "[t]here can be no 'judgment' without a determination of relief." Accordingly, at this juncture, only an entry of default is properly pending

Seal (Doc. #35) relating to its evidence of damages, which the court granted on March 31, 2006. (Doc. #36). On April 6, 2006, the court entered an order (Doc.#38) setting this case for an evidentiary hearing and ordering Ms. Schnurpel to appear in person. The court determined that evidentiary hearing was appropriate under Rule 55 of the Federal Rules of Civil Procedure due to the nature of Capital One's third party complaint. *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

Capital One's request for the entry of a final default judgment was set for hearing on April 11, 2006, beginning at 3:00 p.m. The clerk served Ms. Schnurpel with the order scheduling the hearing at her last known address. The court and counsel for Capital One waited approximately fifteen minutes beyond the scheduled start time to begin the hearing,[2] but Ms. Schnurpel never appeared.

At the heart of Capital One's third party complaint is that Ms. Schnurpel fraudulently obtained a credit card from it, by falsely using the identity of her sister, Annie L. Jones, the original plaintiff in this case and with whom Capital One settled.[3] Capital One seeks recovery for the reasonably foreseeable damages proximately caused by Ms. Schnurpel's identity fraud including (i)

---

against Ms. Schnurpel. *See id.* ("Thus, the document entitled 'default judgment' in this case is more properly termed simply a 'default.'").

[2] The court delayed starting the hearing for fifteen minutes in case Ms. Schnurpel was running late. The court subsequently learned from the clerk that the United States Postal Service returned the order notifying Ms. Schnurpel about the hearing as undeliverable. (Doc. #39).

[3] Ms. Jones sued Capital One under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and various pendent state law claims. (*See generally* Doc. #1).

the settlement amount that it paid to Ms. Jones in the amount of $9,500.00, (ii) attorney's fees in the collective amount of $16,124.00, and (iii) taxable costs and expenses in the aggregate amount of $2,169.03, which together equal a total damages figure of $27,793.03.

At the hearing the court received evidence and, based upon the court's review of that evidence (as well as the evidentiary materials filed in support of Capital One's claim for damages proximately caused by Ms. Schnurpel's fraud), its study of the relevant case law, and its analysis of the testimony and arguments presented at the hearing, Capital One's request for the entry of a final default judgment against Ms. Schnurpel for fraud is due to be granted, and Capital One is due to recover from Ms. Schnurpel the total sum of $27,793.03. The court will enter a final default judgment in favor of Capital One and against Ms. Schnurpel that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ___17th___ day of April, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE